**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------

In the matter of the Application of

ANA CHRISTINA DEGENS

for an order authorizing the issuance of subpoenas pursuant to 28 USC 1782 to J.P. Morgan Chase Bank, N.A., Wells Fargo N.A., HSBC Bank USA, N.A., Safra Bank N.A., Favil LLC, Tavil Group, Ltd., Arvil International Corp., Kavil Investments Limited, VZilvil Group Limited, Grant, Herman, Schwartz & Klinger LLP and Loeb, Block & Partners LLP.
-------------------------------------------------------

Misc. Case No.: 1:20-mc-00237-JGK

**PEDRO WEIL'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH OR MODIFY *EX PARTE* SUBPOENAS**

**FOX ROTHSCHILD LLP**
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900

*Counsel for Movant Pedro Weil*

On the Brief:

Alan R. Friedman, Esq.
Philip Z. Langer, Esq.

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ..... 1

RELEVANT FACTS AND PROCEDURAL HISTORY ..... 2

ARGUMENT ..... 4

I. PETITIONER'S RIGHT TO PURSUE DISCOVERY AGAINST TAVIL, KAVIL, VILVIL AND LOEB HAS ELAPSED ..... 4

II. KAVIL, VILVIL, ARVIL AND TAVIL MAY NOT BE SUBPOENAED UNDER FED. R. CIV. PROC. 45 ..... 4

III. PETITIONER'S PURPORTED SERVICE OF SUBPOENAS ON FAVIL AND ARVIL "C/O GRANT HERRMANN" WAS DEFECTIVE ..... 6

IV. ALL OF THE SUBPOENAS ARE OVERBROAD UNDER FED. R. CIV. P. 26 AND, ACCORDINGLY, MUST BE QUASHED OR SUBSTANTIALLY NARROWED ..... 6

A. Applicable Legal Standards ..... 6

B. Petitioner's Subpoenas Do Not Satisfy Rule 26(b)(1)'s Proportionality Requirement ..... 8

C. Petitioner's Subpoena to Grant Herrmann Must Be Quashed or Narrowed ..... 9

D. Petitioner's Subpoenas to the Private Entities Must Be Quashed or Narrowed ..... 14

E. Petitioner's Subpoenas to the Financial Institutions Must Be Quashed or Narrowed ..... 18

CONCLUSION ..... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apotex Inc.*,
2009 WL 618243 at *3-4 (S.D.N.Y. 2009)....................7

*In re Application Pursuant to 28 U.S.C. Section 1782 for an Order Permitting Christen Sveaas to Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in Actions Pending in the Norway*,
249 F.R.D. 96 (S.D.N.Y. 2008) ....................7

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
262 F.R.D. 293 (S.D.N.Y. 2009) ....................5

*In re Biovail Corp. Securities Litigation*,
247 F.R.D. 72 (S.D.N.Y. 2007) ....................7, 8

*Chen v. Republic Rest. Corp.*,
2008 WL 793686 (S.D.N.Y. Mar. 26, 2008) ....................8, 9

*Concord Boat Corp. v. Brunswick Corp.*,
169 F.R.D. 44 (S.D.N.Y. 1996) ....................8, 17

*Copantitla v. Fiskardo Estiatorio, Inc.*,
2010 WL 1327921 (S.D.N.Y. Apr. 5, 2010)....................16

*Henry v. Morgan's Hotel Grp., Inc.*,
2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) ....................7, 20

*Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*,
134 F. Supp. 2d 528 (S.D.N.Y. 2001)....................6

*In re OOO Promnefstroy*,
2009 WL 3335608, at *9 (S.D.N.Y. 2009)....................7

*Tottenham v. Trans World Gaming Corp.*,
2002 WL 1967023 (S.D.N.Y. June 21, 2002) ....................16

*In re Union Fenosa Gas, S.A.*,
2020 WL 3446871 (S.D.N.Y. June 23, 2020) ....................6, 11

*Union Fenosa Gas, S.A. v. Depository Tr. Co.*,
2020 WL 2793055 (S.D.N.Y. May 29, 2020) ....................7

*United States v. Brennerman*,
2017 WL 4513563 (S.D.N.Y. Sept. 1, 2017)....................5

*Williams-Steele v. TransUnion*,
642 F. App'x 72 (2d Cir. 2016) ....................................................................................6

**Statutes**

28 U.S.C. § 1782.................................................................................................... *passim*

28 U.S.C. § 1783.........................................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 26 ........................................................................ *passim*

Federal Rule of Civil Procedure 45 ...................................................................4, 5, 6, 18

## PRELIMINARY STATEMENT

Petitioner received the right to serve twelve separate subpoenas in connection with matrimonial litigation in Brazil against movant Pedro Weil ("**Mr. Weil**"). Mr. Weil brings this motion because the requests in the subpoenas uniformly demand production of "*all documents concerning*" broad, general subject matters that must be quashed or substantially narrowed. As framed, the discovery Petitioner seeks does not comply with the relevance and proportionality mandates of Rule 26(b)(1) of the Federal Rules of Civil Procedure ("Rule 26(b)(1)").

Despite claiming that she was "careful to tailor" her discovery requests "closely to the subject of the Brazil Action, specifically, Weil's assets and finances, bearing in mind the proportionality factors of Rule 26" [DE 2 (Degens' MOL) at 15)], *she was not*. Petitioner's lip-service claim of adherence to Rule 26(b)(1), is belied by her rote inclusion in the subpoenas of document requests that are indistinguishable from discovery requests courts in this Circuit have repeatedly quashed or significantly narrowed. The same result should apply here. Permitting Petitioner to proceed with the scope of her discovery requests unchecked would sanction broad and intrusive discovery about matters that are irrelevant and unimportant to her alimony and asset distribution claims.

Petitioner could have framed reasonable discovery requests proportionate to her claimed needs, but she chose not to. As such, this Court should not undertake the burden of reframing her facially overbroad discovery requests, but rather should quash her twelve subpoenas in their entirety. In motions like this, there is no substitute for examining each improper request individually. While this process can be tedious where, as here, there are many improper requests, examination of the scope of Petitioner's requests in the light of her stated justification for seeking discovery under in New York makes clear that Petitioner has asked for far more than she is entitled to receive under Rule 26(b)(1).

As shown in Point IV below, the overbroad scope of the subpoenas fatally afflicts all twelve of the subpoenas Petitioner sought authorization to serve. Moreover, before reaching this basis of Mr. Weil's motion, some of Petitioner's Subpoenas independently fail for reasons unrelated to the impropriety of Petitioner's specific requests:

- In Point I, Mr. Weil shows that Petitioner cannot pursue discovery against Tavil Group, Ltd., Vilvil Group Ltd., Kavil Investments Ltd., and Loeb, Block & Partners LLP because the time to serve these entities pursuant to the Court's order authorizing service [DE 10 at 14-15], as extended [DE 12, 23 and 24], has expired.

- In Point II, Mr. Weil shows that Petitioner separately cannot pursue discovery against Tavil Group, Ltd., Vilvil Group Ltd., Kavil Investments Ltd., and Arvil International Corp. because they are British Virgin Island or Bahamian companies and, thus, are beyond the subpoena power of this Court and cannot be served pursuant to the Federal Rules of Civil Procedure.

- In Point III, Mr. Weil shows that Petitioner's purported service of subpoenas on Favil LLC and Arvil International Corp. "c/o Grant Herrmann" was defective.

In short, Petitioner's subpoenas should be quashed or, in the alternative, significantly narrowed to, in fact, "tailor" them to comply with Rule 26(b)(1).

## RELEVANT FACTS AND PROCEDURAL HISTORY

As set forth in Petitioner's application [DE 1-6] (the "**Application**"), Mr. Weil is Petitioner's adversary in a matrimonial lawsuit in Brazil (the "**Brazilian Proceeding**"). On November 18, 2019, the State of Sao Paolo Court of Justice ("**Brazilian Court**") rendered a partial judgment finding that Petitioner and Mr. Weil were in a "stable union" between September 2012

and September 2018. *See* Exhibit 3 to Declaration of Stuart Riback [DE 4] ("**Riback Decl.**"). With respect to Petitioner's request in the Brazilian Proceeding for alimony and allocation of property, the Brazilian Court held that these claims "require the production of evidence" and "its analysis will be made in a successive court." *See* Exhibit 3 to Riback Decl.

On June 23, 2020, Petitioner sought, on an *ex parte* basis, discovery under 28 U.S.C. § 1782 ("**Section 1782**") to aid her claims in the Brazilian Proceeding. To this supposed end, Petitioner sought authorization to issue twelve document and deposition subpoenas (the "**Subpoenas**") to (1) five financial institutions: J.P. Morgan Chase Bank, N.A., J.P. Morgan Securities LLC, Wells Fargo Bank, N.A., Safra National Bank of New York, N.A., and HSBC Bank USA, N.A. (collectively, the "**Financial Institutions**"); (2) five private companies: Favil LLC ("**Favil**"), Tavil Group, Ltd. ("**Tavil**"), Arvil International Corp. ("**Arvil**"), Vilvil Group Ltd. ("**Vilvil**") and Kavil Investments Ltd. ("**Kavil**") (collectively, the "**Private Entities**"), and (3) two law firms: Grant, Herrmann, Schwartz & Klinger LLP ("**Grant Herrmann**") and Loeb, Block & Partners LLP ("**Loeb**").

On July 24, 2020, this Court granted Petitioner's Application (the "**Authorizing Order**") [DE 10], authorizing issuance of the Subpoenas and requiring Petitioner to serve a copy of its order granting the application together with the Subpoenas no later than five days after entry of the order. [DE 10 at pp. 14-15].[1] On August 13, 2020, Mr. Weil submitted a pre-motion letter to the Court concerning his planned motion to vacate the Authorizing Order and/or quash or modify the Subpoenas [DE 26]. The Court held a pre-motion conference on August 31, 2020 during which the parties agreed to meet and confer to attempt to resolve the issues without motion practice.

[1] Thereafter, the Court extended the time to serve the Authorizing Order and file affidavits of such service through August 7, 2020 for Loeb, August 21, 2020 for Vilvil and Kavil and August 28, 2020 for Tavil. [DE 12, 23 and 24].

Because the parties did not reach agreement, Mr. Weil informed the Court that he would be proceeding with this motion [DE 33].

## ARGUMENT

### I. PETITIONER'S RIGHT TO PURSUE DISCOVERY AGAINST TAVIL, KAVIL, VILVIL AND LOEB HAS ELAPSED

The Authorizing Order, as extended pursuant to Petitioner's request, set a deadline for service of August 7, 2020 for Loeb, August 21, 2020 for Vilvil and Kavil, and August 28, 2020 for Tavil. [DE 12, 23 and 24]. The deadline applicable to each of these entities has passed, and, as the Docket Sheet reflects, no affidavits of service have been filed with respect to any of these entities. *See* Declaration of Alan R. Friedman, executed September 24, 2020 ("**Friedman Decl.**"), ¶ 2. Accordingly, Petitioner may no longer pursue discovery against Tavil, Kavil, Vilvil or Loeb.

### II. KAVIL, VILVIL, ARVIL AND TAVIL MAY NOT BE SUBPOENAED UNDER FED. R. CIV. PROC. 45

Kavil, Vilvil, Arvil and Kavil are all located beyond the subpoena power of this Court. Each was formed outside the United States and none is located in New York. Kavil, Vilvil and Arvil are British Virgin Island companies and Tavil is a Bahamian company. *See* Declaration of David Sahargun, executed September 23, 2020 (**"Sahargun Decl."**), ¶¶ 3-6.[2] As such, none is subject to service of a subpoena under the Federal Rules of Civil Procedure. Nevertheless, and in spite of this limitation, Petitioner made clear her plan to proceed with service through her process server in letters filed with the Court seeking an extension of time to effect such service. [DE 18 and 19.]

---

[2] Petitioner admits that Kavil and Vilvil are British Virgin Island entities and that Tavil is a Bahamian entity. *See* Letter from Stuart M. Riback to Hon. Robert W. Lehrburger, dated August 6, 2020 [DE 18].

Rule 45(b)(2) states that "a subpoena may be served at any place *within the United States*." (Emphasis added.) With respect to service of subpoenas in a foreign country, Rule 45(b)(3) states in full: "Service in a Foreign Country. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." In short, Rule 45 does not provide for service on foreign entities. Consistent with this limitation, Section 1783 only permits issuance of a subpoena outside the United States for "a national or resident of the United States who is in a foreign country." 28 U.S.C. § 1783. Because Kavil, Vilvil, Arvil and Tavil are not United States nationals or residents and are not located in the United States, they cannot be served.

The case of *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293 (S.D.N.Y. 2009), is instructive. In *Aristocrat*, a party (Aristrocat) sought to serve subpoenas on two individuals living abroad. *Id*. at 305. In rejecting the attempted service, the court held:

> [i]t is unclear what, if any, provision of the Federal Rules Aristocrat believes controls the service of subpoenas directed at foreign nationals living abroad. If Aristocrat were correct, and 45(b)(3) was not relevant to the service of subpoenas on foreign nationals living abroad, it strains credulity to believe that this apparent silence in the Rules would result in the unlimited ability of litigants to serve trial subpoenas on any foreign national anywhere in the world . . . .

*Id*. (collecting and citing additional cases ruling that foreign nationals residing abroad are not subject to service outside United States). Similarly, in *United States v. Brennerman*, in discussing the limitations of Section 1783, the court stated: "[I]t is undisputed that ICBC is 'a foreign bank located approximately 3,500 miles from the courthouse.' It is not 'a national of the United States who is in a foreign country.' Accordingly, Section 1783(a) does not authorize issuance of a subpoena to it." 2017 WL 4513563, at *2 (S.D.N.Y. Sept. 1, 2017).

In light of the foregoing, it is beyond debate that Petitioner's subpoenas against Tavil, Arvil, Vilvil and Kavil must be quashed.

## III. PETITIONER'S PURPORTED SERVICE OF SUBPOENAS ON FAVIL AND ARVIL "C/O GRANT HERRMANN" WAS DEFECTIVE

The Subpoenas purportedly served on Favil and Arvil must be quashed for an additional reason.

The affidavits of service filed in support of Petitioner's purported service of Favil and Arvil state that service was made "c/o their attorneys" at Grant Herrmann. [DE 20 and 22]. However, Grant Herrmann was not authorized to accept service on behalf of these entities. *See* Sahargun Decl., ¶¶ 7-8; Declaration of Eric James, executed September 22, 2020, ¶¶ 2-3. Accordingly, Petitioner's purported service was ineffective. *Williams-Steele v. TransUnion*, 642 F. App'x 72, 73 (2d Cir. 2016) ("service of process on an attorney not authorized to accept service for his client is ineffective.")

## IV. ALL OF THE SUBPOENAS ARE OVERBROAD UNDER FED. R. CIV. P. 26 AND, ACCORDINGLY, MUST BE QUASHED OR SUBSTANTIALLY NARROWED

Even disregarding the arguments in Points I – III above, all of Petitioner's Subpoenas are indefensibly overbroad under Federal Rules of Civil Procedure 26(b)(1) and 45. Accordingly, the Court should either quash them in their entirety or significantly curtail their scope.

### A. Applicable Legal Standards

Courts in the Second Circuit have the authority to quash or narrow overbroad subpoenas. *See, e.g., Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 530 (S.D.N.Y. 2001) ("It is within the 'sound discretion' of the Court whether to quash or modify an overbroad subpoena . . . The Court accepts Magistrate Judge Francis's conclusion that quashing the subpoena was the better course in this case[.]"); *In re Union Fenosa Gas, S.A.*, 2020 WL 3446871, at *5 (S.D.N.Y. June 23, 2020) (granting Section 1782 application but concluding that "UFG's document request is overbroad;" *e.g.*, limiting document requests for "any

and all" documents concerning "accounts" held in England's financial institutions to agreements governing such accounts); *Union Fenosa Gas, S.A. v. Depository Tr. Co.*, 2020 WL 2793055, at *8 (S.D.N.Y. May 29, 2020) (granting Section 1782 application but limiting scope of requested discovery; "the Court concludes that a degree of tailoring is appropriate to address Egypt's valid concerns of overbreadth."); *In re Apotex Inc.*, 2009 WL 618243 at *3-4 (S.D.N.Y. 2009) (vacating §1782 order due to the over-breadth of discovery requests); *In re OOO Promnefstroy*, 2009 WL 3335608, at *9 (S.D.N.Y. 2009) (denying §1782 application; holding that "the Court finds [applicant]'s subpoena to be broad by any standard. [It] extends to a wide array of documents related to tens of business entities and to all of their affairs, many of which [the discovery subject] is not even associated with.").

"The proper scope of the discovery sought under section 1782, like all federal discovery, is governed by Federal Rule 26(b)." *In re Application Pursuant to 28 U.S.C. Section 1782 for an Order Permitting Christen Sveaas to Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in Actions Pending in the Norway*, 249 F.R.D. 96, 106 (S.D.N.Y. 2008) (limiting scope of Section 1782 discovery). With specific respect to applications under Section 1782, courts retain "broad authority" to fashion the discovery sought thereunder. *Id.* Additionally, where discovery "is sought from third parties, the Court must weigh the probative value of the information against the burden of production on said non-parties." *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72 (S.D.N.Y. 2007).

Under the foregoing principles, where, *as Petitioner's Subpoenas repeatedly do here*, subpoenas include "blanket requests" for "any" or "all" documents in broad categories, courts routinely reject them. *See, e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (quashing subpoena and holding that blanket requests seeking "all

documents and communications" relating to single individual were overbroad and impermissible; by failing to limit its subpoena, defendant was "merely trying to engage in a fishing expedition"); *Chen v. Republic Rest. Corp.*, 2008 WL 793686, at *3 (S.D.N.Y. Mar. 26, 2008) (denying plaintiff's discovery request for "any and all Documents concerning any shareholders" in its entirety as overbroad); *In re Biovail*, 247 F.R.D. at 75 (reducing scope of discovery sought in non-party subpoenas as unduly burdensome where subpoenas included requests for, *e.g.*, "[a]ny and all documents concerning [defendant]" and "any and all documents concerning or reflecting communications with the following [thirty-nine] companies"); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) (quashing subpoena requesting documents from non-party Merrill Lynch relating to "any communications" between non-party and defendant relating to defendant's "financial condition," which would encompass virtually all their communications given nature of their relationship; declining to "modify" scope of requests to remedy overbreadth and burden).

**B. Petitioner's Subpoenas Do Not Satisfy Rule 26(b)(1)'s Proportionality Requirement**

Petitioner has not limited her document requests to issues relevant to the Brazilian Proceeding. Petitioner justified her request for discovery on the ground that she was seeking evidence "to support her claim in Brazil for alimony and a distribution of marital assets." (Degens' MOL [DE 2] at 2.) In her Application, Petitioner identified the following as relevant to her claims in Brazil:

- "bank records, securities account records, and credit card records are all relevant evidence for Ms. Degens' case in Brazil" (*Id*. at 3),
- "the exact amount at issue is what the § 1782 discovery seeks to learn" (*Id*. at 16),

- "Ms. Degens' claim for a portion of the assets in question is based largely on the increase in value from the beginning of the marriage in September 2012 until the end of the marriage in September 2018" (*Id*. at 17), and

- "evidence of [Mr. Weil's] expenditures will bear directly on establishing Ms. Degens' alimony claims" (*Id*.).

Notwithstanding the limited scope of the foregoing subjects and Petitioner's representation that she was "careful to tailor the proposed document requests closely to the subject of the Brazil Action, specifically Weil's assets and finances," Petitioner's document requests in the Subpoenas (the "**Requests**") refute her self-serving claim..

Petitioner uniformly framed her Requests to call for "*all documents concerning*" broad subject matters that extend far beyond a search for evidence of the amount of Mr. Weil's assets and his spending. Petitioner could have limited her Requests to "bank records, securities account records, and credit card records" (Degens' MOL at 3) or in other reasonable ways, but she chose not to. For purposes of illustration only, Petitioner's Subpoenas include patently overbroad Requests for (i) "*all documents concerning*" the Private Entities, (ii) "*all documents concerning*" Mr. Weil, (iii) "*all documents concerning*" all services Mr. Weil's law firm performed for him, the Private Entities and any other entity Mr. Weil owned or controlled, and (iv) "*all documents concerning*" the "management" and "governance" of the Private Entities and any entity Mr. Weil owned. None of the Subpoenas satisfies the requirements of Rule 26(b)(1).

### C. Petitioner's Subpoena to Grant Herrmann Must Be Quashed or Narrowed

Petitioner's Subpoena includes Requests that go far beyond seeking production of documents relevant to her claims in the Brazilian Proceeding for alimony and distribution of assets.

A copy of Petitioner's Subpoena to Grant Herrmann is attached to the Friedman Decl. as Exhibit 1.[3]

- **Requests No. 1 and No. 3:** Petitioner has failed to demonstrate how "*all documents concerning*" services provided to Mr. Weil or "any" entities owned or controlled by Weil is relevant to Petitioner's claims. These requests are not "tailored" to seek information about Mr. Weil's or his companies' assets or spending. Instead, they are an overt attempt to obtain information about all aspects of Mr. Weil's and the Private Entities' professional relationship with Grant Herrmann. These Requests are unrestrained fishing expeditions into Mr. Weil's and the Private Entities' admitted attorney-client relationship with Grant Herrmann. (MOL at p. 19).[4] In place of these Requests – and all other Requests in the Grant Herrmann Subpoena – Petitioner could have requested: non-privileged documents sufficient to show Mr. Weil's and his companies' assets and spending during the relevant period. However, rather than limit her Requests in such a manner, she employed an improperly broad approach that cannot be sustained.

- **Request No. 2:** This request for "*all documents concerning*" Favil, Arvil or any entity controlled by Mr. Weil – *without any limitation to subject matter* – is facially overbroad. As framed, this Request would require production of every single document that mentions, concerns or has anything to do with Mr. Weil and/or any company he controls. Contrary to Petitioner's claim to have been "careful to tailor" her Requests narrowly, this is a prime

[3] As noted above, Petitioner has not served Loeb, the other law firm for which she received permission to serve a Subpoena, and her deadline under the Authorizing Order has elapsed. See DE 10 and 12. Further, Petitioner did not file a copy of the proposed Subpoena for Loeb as part of Petitioner's papers in support of her Application. These failures are both fatal to her right to pursue discovery against Loeb now. Moreover, even if this were not the case, if the Loeb Subpoena was substantially similar to the Grant Hermann Subpoena it would need to be quashed or narrowed for the reasons applicable to the Grant Hermann Subpoena.

[4] The foregoing arguments also apply to Deposition Topic No. 5.

example of Petitioner's inclusion of Requests that are not in any conceivable way limited to a search for the amount of Mr. Weil's and his companies' assets and their spending.

- **Request No. 4:** This request, which demands production of "*all documents concerning*" financial accounts, insurance and securities owned by Mr. Weil or any entities owned are controlled by Weil is, again, facially overbroad. *See, e.g., In re Union Fenosa Gas, S.A., supra*, 2020 WL 3446871, at *5 (limiting document requests for "any and all" documents concerning "accounts" held in England's financial institutions to agreements governing such accounts). At most, if the Court undertakes the task of narrowing Petitioner's Requests, rather than quashing the Subpoena, all that should be required is non-privileged documents, to the extent Grant Herrmann has them, sufficient to show Mr. Weil and his controlled companies' assets and their spending during the applicable time period. Production of "all documents" concerning all "bank or financial accounts or assets" is unnecessary, unduly burdensome and encompasses documents for which Petitioner has made no showing of relevance.[5] *Indeed, Petitioner herself effectively acknowledges the overbreadth in her Request No. 9. After demanding in Request No. 9 "all documents concerning" any activity in any bank or securities account, Petitioner states that production of "monthly Account statements are sufficient."*

- **Requests Nos. 5 and 6:** These requests are additional examples of Petitioner's unwarranted and unsustainable fishing expedition in lieu of properly limited discovery. Request 5 demands: "*All documents concerning*" Petitioner and the Private Entities without any restriction to subject matter. This does not satisfy the proportionality requirements of Rule

[5] The foregoing arguments also apply to Request Nos. 9 and 10 and Second Request No. 10, which are duplicative of Request No. 4.

26(b)(1), which mandate that discovery be limited to documents sufficient to show assets and spending. Request 6 – in addition to being duplicative of Request 5 – seeks "all correspondence" between Grant Herrmann, on the one hand, and Mr. Weil, Petitioner and/or companies Mr. Weil owns, on the other hand, without any subject matter limitation. Petitioner has made no effort to justify the scope of these requests and, given their breadth it is plain that any effort to do so could not succeed.[6]

- **Requests No. 7 and No. 8:** These requests, which call for "*all documents concerning*," *e.g.*, "administration" of any bank or securities account held by the Request No. 4(a)-(f) people and entities, Board resolutions, "know your customer" information, privacy notices, etc., have nothing to do with Petitioner's claim to a share of Mr. Weil's assets or for spending information. For example, whether accounts of Mr. Weil or his companies are entitled to invest in risky or ultra-conservative investments – which "know your customer" information would presumably show – has nothing to do with Petitioner's claims. She has made no showing that she has any right to dictate how amounts are invested. Nor has Petitioner provided any justification in her Application to support discovery as to how Mr. Weil's companies or accounts were "administered" or managed. In terms of Rule 26(b)(1)'s proportionality guidelines, here (as with Petitioner's other overbroad Requests) she has not demonstrated any "need" for this information or shown that it has any "importance" to her claims for alimony and a distribution based on the increase in assets, much less sufficient importance to justify her "*all documents concerning*" Requests.[7] Her

[6] The foregoing arguments also apply to Requests Nos. 11 and 12, which are duplicative of Requests Nos. 5 and 6. Petitioner's inclusion of duplicative and facially overbroad Requests in the Subpoena – and her having multiple Requests numbered 8, 9 and 10 – further belies Petitioner's claim that she was "careful to tailor" the scope of the Requests to the applicable issues. All of her Subpoenas are rife with needlessly and indefensibly overbroad Requests.

[7] The foregoing arguments also apply to Deposition Topic No. 1.

description of the information she needed in discovery (see excerpts from Degens' MOL referenced on pages 8-9 above) were far narrower than the scope of this and her other Requests.

- **Request No. 12:** This request is unintelligible and duplicative of Requests Nos. 4 and 5.
- **Second Request No. 8:** This is another example of Petitioner's *mis*use of Section 1782 to support an improper fishing expedition. Here, Petitioner demands that a law firm she knows has represented Mr. Weil produce "*all documents concerning*" the Brazilian Proceeding. Apart from the harassing nature of seeking documents likely to be privileged (if Grant Herrmann has any), Petitioner made no showing to support her request for these documents or to show why it is appropriate under Rule 26(b)(1), which only supports documents that show assets and spending relating to Petitioner's alimony and distribution of assets claims.[8]
- **Second Request No. 9:** This request for "*all documents concerning*" so-called "asset protection strategies" also appears to have been included to as an afterthought. In any event, whether or not Mr. Weil has pursued "asset protection strategies" is of no relevance to the assets he and his companies have with respect to which Petitioner may claim a right to share and/or to spending for purposes of her claim for alimony. The relevant information, according to Petitioner's own Application, is the assets that Mr. Weil and his companies have and the spending they have made. Documents concerning any so-called

[8] Based on Petitioner's numbering this Request as a *second* "Request No. 8," it appears to have been included as an after-thought to harass Mr. Weil by seeking information having nothing to do with his assets or spending.

"asset protection strategies" will not change the assets he and his companies have or the expenditures they have made.[9]

**D. Petitioner's Subpoenas to the Private Entities Must Be Quashed or Narrowed**

**(1) <u>Document Requests:</u>**

Petitioner's Subpoenas to the Private Entities are also overbroad because Petitioner. The Subpoenas to the Private Entities are each substantially identical. Each seeks to obtain over a six-year period all documents and communications related to these companies without any subject matter limitation. Each is irredeemably overbroad and should be quashed or, at the very least, significantly narrowed. Copies of Petitioner's Subpoenas to the Private Entities are attached to the Friedman Declaration.[10] Request Numbers apply to all the Private Entity Subpoenas unless otherwise noted.

- **Requests Nos. 1, 5, 6 and 7:** These requests are facially overbroad. They demand "*all documents concerning*" (i) ownership of the Private Entities, and (ii) any assets of the Private Entities, including any bank accounts, securities and real or personal property. While it may sound like a proverbial record skipping, Petitioner has, time and again, opted for the most broad and least defensible approach. Her Application offers no justification for any discovery that is broader in scope than documents *sufficient to show* (i) ownership of the Private Entities, (ii) assets held by Weil, the Private Entities or any other company that Mr. Weil owns or controls, and (iii) spending of Mr. Weil and such entities during the roughly six-year period of the "stable union." These requests – *like essentially all of*

[9] The foregoing arguments also apply to Deposition Topic No. 3.

[10] The Favil, Tavil, Arvil, Vilvil and Kavil Subpoenas are attached to the Friedman Decl. as Exhibits 2, 3, 4, 5 and 6, respectively.

*Petitioner's Requests in each of her Subpoenas* – should be quashed or significantly narrowed to comply with Rule 26(b)(1)'s proportionality guidelines.

- **Requests Nos. 2, 3 and 4:** These requests seek "*all documents concerning*" the "governance" and "management" of the Private Entities and "*all documents concerning*" any entity a Private Entity owns without any subject matter limitation. Petitioner has provided no basis for her wholesale request for "all documents concerning" the "management" and "governance" of these entities. *Taken at face value, these grossly overbroad Requests appear to demand all documents that in any way concern the Private Entities or any entities they may own over a six-year time period.* The Rule 26(b)(11) proportionality considerations mandate that the discovery they seek be denied. These requests do not purport to limit the information they seek to Mr. Weil's or his companies' assets or spending, much less reflect any effort to be "careful to tailor" them to these subjects.[11]

- **Requests No. 8 and No. 9:** In addition to being duplicative of – and subject to the same arguments applicable to Request Nos. 3, 5, 6 and 7 – these requests are impermissibly overbroad for additional reasons. First, there is no basis for Petitioner's request for production of "*all documents concerning* any transfers of real or personal property," which sweeps within it many documents with no possible relevance. Carefully tailored requests would seek nothing more than documents *sufficient to show* transfers made during the "stable union." Second, Request No. 9's request for information about transfers *after* the end of the six-year "stable union," seeks documents for transfers for which Petitioner has made no showing of relevance. As Petitioner admits in her Application, the only possibly

[11] The foregoing arguments similarly apply to Deposition Topic No. 3 and No. 4.

relevant post "stable union" transfers would be transfers of assets *from Brazil to a location outside Brazil*. (*See* Degens' MOL at 16-17). Because Request No. 9 is not limited to this narrow category of transfers – which Petitioner merely speculates may have occurred – it fails to comply with Rule 26(b)(1)'s proportionality guidelines for this additional reason. Petitioner has offered no basis whatsoever to seek or receive discovery of post-"stable union" transfers, if any, of assets either (i) not located in Brazil, or (ii) not transferred outside of Brazil.[12]

- **Request No. 10 (Favil) and Request No. 11 (Tavil, Arvil, Vilvil, and Kavil):** These requests for "all documents relevant to Weil's finances and assets or concerning claims and issues in the litigation between Weil and Degens in Brazil" are vague, overbroad and include a request for documents relating to the litigation in Brazil, despite nothing in the Application showing that such documents are relevant to asset distribution or alimony. These Requests are unsustainable for multiple reasons. First, they require a legal determination of "relevance." Second, they are effectively unlimited in scope because the subject matter of the "*all documents*" Request – Weil's finances and assets – is so general. *See, e.g., Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("we will not grant the Defendant's broad request… for all documents 'concerning Tottenham's finances from January 1, 1996 up to and including June 16, 2000.'"); *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) (quashing request for "[a]ll documents concerning the assets, liabilities and net worth of each Defendant, including without limitation (i) ownership of any real or personal property; (ii) appraisals of any real or personal property; (iii) bank and

[12] The foregoing arguments similarly apply to Deposition Topic No. 2.

investment statements; (iv) mortgage records; or (v) insurance."); *Concord Boat Corp.*, *supra*, 169 F.R.D. at 51 (quashing subpoena requesting documents from non-party Merrill Lynch relating to "any communications" between non-party and defendant relating to defendant's "financial condition"). Third, to the extent these Requests seek documents concerning the Brazilian Proceeding, they are additionally improper. Petitioner has made no showing of the relevance of "all documents concerning" the Brazilian Proceeding to her supposed quest to discover information about Mr. Weil's assets or spending.

- **Request No. 11 (Favil) and Request No. 10 (Tavil, Arvil, Vilvil, and Kavil):** These requests – for "*all documents concerning*" Weil, Petitioner and/or the Private Entities, *again with no subject matter at all* – are additional improper fishing expeditions. Petitioner makes no pretense of seeking to limit these requests to information about Mr. Weil's assets and spending. It is simply impossible to square these requests with Petitioner's representation that she was "careful to tailor her proposed document requests closely to the subject matter of the Brazil Action, specifically, Weil's assets and finances." [Degens' MOL [DE 2] at 15.] It is beyond serious debate that these requests do not satisfy the proportionality requirements of Rule 26(b)(1).[13]

**(2) <u>Deposition Notices and Topics:</u>**

Assuming *arguendo* that the service flaws discussed in Points I – III, above, did not exist, Petitioner's deposition notices would still be improper, because they purport to require the Private Entities to appear for a deposition in New York City at Petitioner's counsel's office. None of the Private Entities is located within New York or within 100 miles of Petitioner's counsel's office in New York City. *See* Sahargun Decl., ¶¶ 2-6. Accordingly, the deposition notices for the Private

[13] The foregoing arguments similarly apply to Deposition Topic Nos. 5, 6 and 7.

Entities are all defective because they purport to require the deposition to proceed at a location that is not permitted under Rule 45(c)(1).

Mr. Weil's objections to Deposition Topic Nos. 2-7 are noted in footnotes 12-13 above. Mr. Weil objects to Deposition Topic No. 8 on the ground that its inclusion of matters "implied" in any documents required to be produced pursuant to the Subpoena is vague and unintelligible and, for that reason, should be stricken.

### E. Petitioner's Subpoenas to the Financial Institutions Must Be Quashed or Narrowed

Petitioner's subpoenas to the Financial Institutions are also overbroad and improper. The Financial Institution Subpoenas are substantially similar to each other and each includes requests that seek documents well beyond the "bank records, securities account records, and credit card records" referenced in Degens' memorandum of law (*see* Degens' MOL at 3). Instead, Petitioner seeks from the Financial Institutions "all documents and communications concerning" various far-reaching matters, including, *e.g.*, anything concerning Mr. Weil and/or the Private Entities (*with no subject matter limitation*), the opening and administration of accounts, documents regarding the Brazilian Proceeding, "asset protection strategies," and "know your customer" information. As discussed above, Petitioner has offered no justification for receiving such far-flung document production, which concerns matters that go far beyond Petitioner's division of asset and alimony claims in the Brazilian Proceeding. The Financial Institution Subpoenas should either be quashed in their entirety or significantly narrowed. Copies of Petitioner's Subpoenas to the Private Entities

are attached to the Friedman Declaration.[14] The discussion below is based on the Subpoena issued to J.P. Morgan Chase Bank, N.A. (Friedman Decl., Ex. 7) unless otherwise noted.

- **Request No. 1:** This request demands "*all documents concerning any account*" for which Mr. Weil is the owner or "ultimate beneficiary or controlling person." Petitioner, without explanation or justification, chose not to limit its scope to periodic account statements. Instead, she demands production of each and every document that in any way concerns any of the responsive "accounts," and, as such, includes within it many documents which have no bearing on the issues in the Brazilian Proceeding and, for purposes of Rule 26(b)(1)'s proportionality guidelines, no "importance" to the resolution of such issues. *Notably, Petitioner states in her **Request No. 4**, which duplicates much of Request No. 1, that production of "monthly account statements are sufficient." Request No. 1 should either be quashed or limited in the same way as Request No. 4.*[15] *See* pages 16-17 above (citing cases in which similarly overbroad requests were quashed or modified).

- **Request Nos. 2 and 3:** Petitioner has not demonstrated how documents sought in these Requests are relevant. The documents sought (*e.g.*, signature cards, "know your customer" information, board resolutions and account "administration" documents) bear no connection to the Brazilian Court's resolution of alimony and asset distribution issues. There is a large gap between seeking discovery to determine the "amount in issue" and evidence of "expenditures" (Degens' MOL at 16, 17) and demanding "all documents concerning," *e.g.*, the "opening," the "administration" and "know your customer"

[14] The J.P. Morgan Chase Bank, N.A., J.P. Morgan Securities LLC, Wells Fargo Bank, N.A., Safra National Bank of New York, N.A. and HSBC Bank USA, N.A. Subpoenas are attached to the Friedman Decl. as Exhibits 7, 8, 9, 10 and 11, respectively.

[15] Request No. 5 (seeking "all documents concerning wire transfers") is duplicative of both Request Nos. 1 and 4. This Request should either be quashed or limited to seeking nothing more than monthly account statements.

parameters applicable to the accounts. This overbreadth is magnified because these requests – like all of Petitioner's Requests – covers at least a six-year period.

- **Requests Nos. 6, 7 and No. 8 (and Request No. 13 in J.P. Morgan Securities LLC Subpoena):** These requests impermissibly seek "*all documents concerning*" Mr. Weil, the Private Entities and/or Petitioner (*without any subject matter limitation*), and "*all documents concerning*" the Brazilian Proceeding. Petitioner has failed to demonstrate that these broad requests are appropriate or proportional under Rule 26(b)(1) to support her claims for alimony and distribution of property – and, as discussed above, they plainly are not.[16] *See Henry v. Morgan's Hotel Grp., Inc., supra,* 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (blanket requests seeking "all documents and communications" relating to single individual were overbroad and impermissible).
- **Request No. 9:** This request, for "*all documents concerning*" so-called "asset protection strategies" is improper for the reasons discussed above regarding similar requests in other Subpoenas. Whether Mr. Weil did or did not implement any strategies has nothing to do with the growth of any assets that he or his companies have or their expenditures. [17]
- **Requests No. 10:** This request is duplicative of Requests Nos. 4 and 5.
- **Request Nos 11**: This request for "*all documents concerning*" any accounts owned by Weil, Petitioner or the Private Entities is duplicative of Request No. 1 and is overbroad and improper for the reasons set forth above with respect to that Request.
- **Request No. 12:** Petitioner has not demonstrated the relevance for her demand in this request for "all documents concerning" loans, lines of credit, or other debts incurred by

[16] The foregoing arguments similarly apply to Deposition Topic Nos. 6 and 8.

[17] The foregoing arguments similarly apply to Deposition Topic No. 4.

Weil, Petitioner or the Private Entities, and it is overbroad for the reasons noted above for Request No. 1. At most, all that could be required for purposes of Petitioner's claims for alimony and distribution of assets is documents sufficient to show the amount of any outstanding loans/lines of credit and their repayment during the "stable union."

- **Request No. 13 (Request No. 14 in J.P. Morgan Securities LLC Subpoena):** This request for "*all documents concerning*" transfers of assets by Weil or any entity he owns or controls" is duplicative of Petitioner's Requests No. 4 and No. 5. Further, in terms of Rule 26(b)(1) proportionality, Petitioner has not explained why anything beyond periodic account statements, which would reflect any such transfers, is insufficient for the period of the "stable union." Further, as discussed on pages 15-16 above, to the extent this Request seeks information about transfers after the "stable union" ended, the only possibly relevant transfers would be of assets *from Brazil to a location outside Brazil*. (*See* Degens' MOL at 16-17). Accordingly, this Request fails to comply with Rule 26(b)(1)'s proportionality guidelines for this additional reason.

- **Requests No. 14-17 (Safra National Bank Subpoena only):** Petitioner inappropriately seeks *"all documents concerning"* an alleged credit card account at Safra National Bank. As explained with respect to prior Requests, this request demands documents that are neither relevant nor important to her claim. Petitioner could have framed these – and her other Requests – more narrowly. However, here, as with virtually all of her other Requests, she elected to proceed with "all documents concerning" requests followed by overly broad subject matters (or, sometimes, no subject matters at all).

In sum, Petitioner's election to frame her Requests to Grant Herrmann, to the Private Entities and to the Financial Institutions in terms of "all documents concerning" broad subject

matters – rather than the subject matters she herself identified, *i.e.*, Mr. Weil's assets and spending – flouts the many decisions of courts within the Second Circuit that have quashed or narrowed such requests. This Court should either quash the Subpoenas in their entirety or significantly narrow them.

**CONCLUSION**

For the foregoing reasons, movant Pedro Weil respectfully requests that this Court issue an Order quashing all of the *ex parte* Subpoenas permitted under the Authorizing Order. In the alternative, movant Pedro Weil requests that the Subpoenas be significantly curtailed, consistent with the bounds expressed throughout Section IV.

Dated: September 24, 2020

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

Alan R. Friedman, Esq.
Philip Z. Langer, Esq.
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900

*Counsel for Movant Pedro Weil*