```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the matter of the Application of

ANA CHRISTINA DEGENS

for an Order Authorizing the Issuance of
Subpoenas pursuant to 28 U.S.C. § 1782
to JPMorgan Chase Bank, N.A., J.P. Morgan
Securities LLC, Wells Fargo Bank, N.A.,
HSBC Bank USA, N.A., Safra National Bank
of New York, Favil LLC, Tavil Group, Ltd.,
Arvil International Corp., Kavil Investments
Limited, Vilvil Group Limited, Grant, Herman,
Schwartz & Klinger LLP, and Loeb, Block
& Partners LLP.

------------------------------------------------------------X

20-MC-237 (JGK) (RWL)

**ORDER:
MOTION TO QUASH SUBPOENAS**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 24, 2020, the Court granted the ex parte application of Ana Christina Degens ("Degens") pursuant to 28 U.S.C. § 1782 requesting that the Court issue subpoenas in aid of the community-property dispute between Degens and her common-law husband, Pedro Weil ("Weil"), pending in Brazil. (Dkt. 10 (the "Order").) The subpoenas seek financial, business, and other documents from (1) several business entities related to Weil that are believed to hold, have held, or moved community-property assets, (2) financial companies that hold or have held Weil's accounts or those of his business entities, and (3) law firms that have provided legal services to them. Weil moved to quash the subpoenas (Dkt. 36), and Degens cross-moved to remedy certain procedural lapses (Dkt. 41). The parties have since resolved some of their disputed issues, including the entirety of Degens' cross-motion, which is now moot. (*See* Stipulation and Order at Dkt. 55.) The Court now resolves the remaining issues, having considered the briefs,

1

prior proceedings, and oral argument held on December 14, 2020.  The Court will first address procedural issues and then Weil's challenge to the substance of the subpoenas as being overbroad.

## Procedural Issues

Weil's motion is notable for what it does not argue.  It does not challenge the Court's earlier finding that all three statutory requirements for issuance of subpoenas pursuant to Section 1782 are satisfied (i.e., (1) the subpoenas are directed to persons who reside or are found in this District, in order to obtain information (2) for use in a foreign proceeding (3) by an interested person).  Weil does not question the Court's authorization of the subpoenas but rather challenges their scope and purported failures by Degens with respect to service.

1. **Service on Favil and Arvil:**  Weil has presented declarative evidence that the law firm Grant, Hermann, Schwartz and Klinger LLP ("Grant") "is not a registered agent on behalf of Favil … or Arvil … and … is not authorized, and was never, authorized, to accept service of the … subpoenas on behalf of Favil … or Arvil …." (Dkt. 39 ¶ 8.) Weil has not explained away, however, evidence submitted by Degens such as a March 8, 2016 invoice from Grant to Arvil for "Provision of Registered Office / Registered Agent." (Dkt. 5-4 at 3.)  Whether or not service of Arvil through Grant was proper is thus a disputed issue, and Degens has not at this time met her burden to establish proper service.  Accordingly, the subpoena to Arvil may not be enforced unless and until Degens establishes proper service.  Degens' service on Favil is subject to the same qualification; the subpoena to Favil may not be enforced unless and until Degens establishes proper service.

2.      **Subpoena Power Over Kavil, Vilvil, Arvil, and Tavil:**  Weil argues that Degens cannot serve subpoenas on Kavil, Vilvil, Arvil, and Tavil as they are incorporated and headquartered abroad (in the British Virgin Islands and the Bahamas) and therefore beyond the subpoena power of this Court – even though they are "found" in this District as required by Section 1782.  Degens does not provide a persuasive response; rather, she concedes that whether these entities have an authorized U.S. agent "is not clear," and, based on what Degens' counsel was told by a process server, states that there is a "protracted" judicial procedure by which a U.S. subpoena can be domesticated in the British Virgin Islands and the Bahamas.  (Dkt. 42 ¶ 2.)  But the Court need not decide the issue.  Degens does not contend that she has in fact served Kavil, Vilvil, or Tavil, and the Court already has noted the insufficiency of Degens' showing with respect to Arvil.  Degens is free to determine if she can, and if so try to, serve these entities.  Unless and until then, there is nothing to quash.

## Challenge to the Scope of the Requests

1.     This Court previously reviewed and assessed the requests made by Degens' subpoenas.  (Order at 10-14.)  The Court considered and applied the proportionality factors of Fed. R. Civ. P. 26(b)(1) and concluded that they well supported the requests and the scope of the information sought.

2.     Weil has not claimed, or provided evidence to demonstrate, burden; and, none of the banks or firms already served with the subpoenas have moved to quash or submitted anything to support Weil's objections to scope.

3.     Weil's opposition to scope essentially boils down to the contention that Degens' subpoena demands impermissibly begin with the phrase "all documents

3

concerning." While those words can give rise to overbroad requests and are sometimes frowned upon, they are routinely used in discovery requests. As Degens aptly observes, whether or not "all documents concerning" terminology renders requests improper is a matter of context and the words that follow "all documents concerning." The context and wording of Degens' requests sufficiently limit the "all documents" being sought with the following exceptions: request 11 in the subpoena to Favil, and request 10 in the subpoenas to Tavil, Arvil, Vilvil, and Kavil.

4. Accordingly, the Court denies Weil's motion to quash the subpoenas based on their scope except that request 11 in the subpoena to Favil, and request 10 in the subpoenas to Tavil, Arvil, Vilvil, and Kavil, are struck.

## Conclusion

As set forth above, Weil's motion is granted in part and denied in part, and Degens' cross-motion is denied as moot.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 14, 2020
    New York, New York

Copies transmitted this date to all counsel of record.