```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:___5/12/2021___       │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

In the matter of the Application of

ANA CHRISTINA DEGENS

for an order authorizing the issuance of
subpoenas pursuant to 28 USC § 1782 to J.P.
Morgan Chase Bank, N.A., Wells Fargo N.A.,
HSBC Bank USA, N.A., Safra Bank N.A., Favil
LLC, Tavil Group, Ltd., Arvil International
Corp., Kavil Investments Limited, Vilvil Group
Limited, Grant, Herman, Schwartz & Klinger
LLP and Loeb, Block & Partners LLP.

-------------------------------------------------

Misc. Case No. 1:20-mc-00237
(JGK)(RWL)

**STIPULATION AND
PROTECTIVE ORDER**

Ana Christina Degens ("Degens") and Pedro Weil ("Weil" and together with Degens, the

"Parties" and each a "Party"), hereby stipulate and agree as follows by their undersigned counsel:

### Recitals

1.      On June 23, 2020, Degens commenced this proceeding pursuant to 28 USC § 1782

(the "Proceeding") by filing an *ex parte* Application with the Court together with supporting papers.

The Proceeding seeks evidence for use in an action pending in Brazil in the 3rd Family and Succes-

sions Court of the Central Forum of the Region of the Capital of the State of Sao Paulo (the "Bra-

zilian Court"), in the Federative Republic of Brazil, case number 1091762-47.2018.8.26.0100 (the

"Brazilian Litigation").

2.      On July 24, 2020, the United States District Court for the Southern District of New

York (the "Court") issued an order (the "Order") granting Degens' Application pursuant to 28 USC

§ 1782 to serve subpoenas (the "Subpoenas").

00884332.1
01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

3.      On September 24, 2020, Pedro Weil ("Weil") filed a motion with the Court seeking to quash or modify the Subpoenas (the "Motion").

4.      On October 18, 2020, Degens filed a memorandum of law in opposition to the Motion, and a cross-motion (the "Cross-Motion") seeking (1) to modify the Order to remove the requirement that Degens serve a duplicate copy of the Order on the entities upon which Degens sought permission to serve Subpoenas in this Proceeding within five days of the Order, and (2) permission to serve a Subpoena on Loeb, Block & Partners, LLP ("Loeb Block").

5.      By stipulation executed on around November 18, 2020, Degens and Weil (1) resolved the Cross-Motion by agreeing (i) the five-day requirement for Degens to serve a duplicate copy of the Order should be eliminated, (ii) Degens may serve Loeb Block with a Subpoena, and (iii) Weil could intervene for purposes of filing the Motion.

6.      On December 15, 2020, the Court issued an order which, *inter alia*, permits Degens to try to serve Subpoenas on the Private Entities and to obtain discovery pursuant to the Subpoenas as set forth in the Court's December 15, 2020 Order.

7.      The Parties desire and have agreed to stipulate to a protective order governing data and information produced in response to the Subpoenas.

## Definitions

1.      "Material" means all documents, testimony, exhibits, electronically stored information, and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivatives thereof) produced by a Producing Party.

2.      "Document" means all documents or things described in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

3.    "Producing Party" refers to any entity that is the recipient of a duly served Subpoena and produces Material in response thereto.

4.    "Designating Party" means, with respect to any material designated confidential, the person who made the designation. The Parties and/or a Producing Party may designate Material "Confidential."

5.    "Receiving Party" means any Party that has received documents pursuant to a subpoena authorized by the Court in this Proceeding.

6.    "Private Entities" means Favil LLC, Tavil Group, Ltd., Arvil International Corp., Kavil Investments Limited and Vilvil Group Limited, and each such entity on standing alone is a "Private Entity."

### Stipulated terms

1.    Scope. Any Materials produced by a Producing Party in response to a Subpoena shall be governed by this Order.

2.    Designation of Confidentiality. Counsel for Degens will provide a copy of any and all Materials they receive within two (2) business days after they receive it to counsel for Weil. All Materials produced by a Producing Party shall be automatically designated as "Confidential" for a period of twenty-one (21) calendar days from the later of (i) the date of full execution of this Stipulation and Protective Order, or (ii) the date of production (the "Twenty-One Day Period"). During the Twenty-One Day Period, either Degens or Weil may, subject to this Order, designate as "Confidential" any Materials, or portion thereof, that he or she reasonably believes constitutes or contains non-public sensitive personal, business, commercial, financial, trade, research, development, or proprietary information. In the event that Degens or Weil does not designate any Materials as "Confidential" within the applicable Twenty-One Day Period, such Party who failed to

3

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

make a designation waives his or her right to designate such Materials as "Confidential." If neither

Degens nor Weil designates Materials "Confidential" within the applicable Twenty-One Day Period,

the automatic "Confidential" designation of such Materials under this Stipulation and Protective

Order shall automatically terminate at the conclusion of the Twenty-One Day Period with respect to

any such Materials that neither Party nor the Producing Party designated as "Confidential."

Documents or information may be designated "Confidential" within the meaning of this Protective

Order in the following ways:

a.    In the case of documents and the information contained therein, the

Designating Party shall provide the other Party's counsel with a list of those Materials, identified by

identification number after which Degens' counsel will undertake to arrange to affix the legend

"CONFIDENTIAL" on any such Materials so designated. Such "Confidential" designation shall be

immediately effective, but shall be subject to challenge pursuant to Section 10 of this agreement set

forth below. Notwithstanding the foregoing, in the event that Degens validly serves a Private Entity

with a Subpoena (either as acknowledged by such Private Entity or as determined in a final, non-

appealable order), such Private Entity shall, subject to the terms of this Stipulation and Protective

Order, produce responsive documents (if any) with identifiable numbering and "Confidentiality"

designations.

b.    In the case of depositions and the information contained in depositions (in-

cluding exhibits), designation of the portion of the transcript (including exhibits) which contains

Confidential Material shall be made by statement to such effect on the record in the course of the

deposition by (i) the attorneys for the party or witness testifying at such deposition and/or an

attorney for the Designating Party at such deposition, (ii) by letter from the attorneys for Weil or for

the party or witness (other than Degens) testifying at such deposition within thirty (30) days of such

4

011691333
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

attorney's receipt of a copy of the deposition transcript (and exhibits referenced therein) from counsel for Degens ,and/or (iii) by an attorney for Degens within thirty (30) days of Degens' counsel's receipt of a copy of the deposition transcript (and exhibits referenced therein).  Counsel for Degens agrees to furnish a copy of each deposition transcript (and the exhibits referenced therein) to counsel for Weil within two (2) business days of Degens' counsel's receipt thereof.  The entire deposition transcript (including exhibits) shall be treated as Confidential Material under this Order until the expiration of the longer of the two above-referenced thirty-day periods for designation by letter.  The following legend shall be placed on the front of any deposition containing Confidential Material: "CONTAINS CONFIDENTIAL MATERIAL."

3.     Inadvertent Non-Designation of Confidential Material: If a Producing Party inadvertently produces Materials that it considers to be confidential without such designation, the Producing Party may designate such Materials as "Confidential" by delivering (i) written notice of such designation, and (ii) properly designated copies of such Materials to the Receiving Party promptly after discovery that the information was inadvertently produced.  The Materials will thereafter be subject to the protections afforded in this Order.  Receiving Party will notify the other Party of any written notice received pursuant to subparagraph (i) above upon receipt of such notice and will provide the other Party with copies of any materials provided pursuant to subparagraph (ii) above upon receipt of such materials.

4.     Inadvertent Disclosure of Confidential Material: In the event of disclosure of any Confidential Material to a person not authorized for access to such material in accordance with this Order, the person responsible for having made, and any person with knowledge of such disclosure, shall immediately inform counsel for the Producing Party whose confidential material has thus been disclosed and the Parties of all known relevant information concerning the nature and circumstances

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

of the disclosure.  The responsible person shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.  Weil, Degens and each Producing Party shall cooperate in good faith in that effort.

5.       No Waiver of Privilege and Clawback Rights:  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any Materials in this Proceeding shall not constitute a waiver of any applicable privilege, protection, or immunity from disclosure, to the maximum extent of the law.  If the Producing Party believes that Materials protected from disclosure under any such privilege, protection or immunity from disclosure were inadvertently produced, the Producing Party and/or either Party may provide notice in writing to the Receiving Party or orally on the record at a deposition, hearing, or other proceeding, requesting that such inadvertently disclosed Materials, and all copies thereof, be returned or destroyed.  Within three (3) business days of the receipt of such notice, the Receiving Party to whom Materials were produced shall use reasonable efforts to return or destroy the Materials (including, to avoid any ambiguity, all copies, summaries, and derivations thereof) in his or her possession, custody, or control, and notify the Producing Party that he or she has done so; and shall take reasonable steps to retrieve or destroy the inadvertently produced Materials from other persons, if any, to whom such Material was provided, and notify the Producing Party that they have done so.  Receiving Party will provide to the other Party a copy of any notice received from a Producing Party pursuant to this Paragraph 5.

6.       Use of Material.

  a.   The Parties may, subject to the provisions of this Paragraph 6 and Paragraph 7 below, use the Materials (including Materials deemed "Confidential") in:

    i.   this Proceeding; and

    ii.  the Brazilian Litigation

6

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

b.  Any objection either Party has to the use of Materials in the Brazilian Litigation shall be made to the Brazilian Court. Nothing in this Stipulation and Protective Order constitutes a waiver of any objection that either Party may assert against the admission of all or any Materials sought to be used in the Brazilian Litigation, nor shall anything in this Stipulation and Protective Order prejudice in any way any objection that either Party may assert to their admissibility in the Brazilian Litigation.

c.  For the avoidance of doubt, and notwithstanding any other provision in this Stipulation and Protective Order, Receiving Party shall not use the Materials (including Materials deemed "Confidential") for any purpose other than as set forth in this Paragraph 6, including, without limitation, the following sentence of this Paragraph 6(c). If Receiving Party commences additional proceedings in this or another jurisdiction for purposes of implementing, enforcing, making effective, executing or otherwise applying any orders or judgments made in the Brazilian Litigation (each, an "Additional Proceeding"), nothing in this Stipulation and Order shall prejudice Receiving Party's right to use any Material to determine whether or to commence an Additional Proceeding; provided, however, that if Receiving Party wishes to include any "Confidential" Material in any document filed in connection with the commencement of an Additional Proceeding, Receiving Party must file such documents under seal (but may publicly file copies of such documents that redact any and all "Confidential" Material); and further provided, that, following any such commencement of an Additional Proceeding, Receiving Party may not disclose Material in any such Additional Proceeding without first obtaining either (i) the other Party's and the Producing Party's consent to do so, or (ii) permission of the court in

7

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

which such Additional Proceeding is filed.  If the Additional Proceeding in which the

evidence to be used is itself a confidential proceeding such that the evidence therein

is not accessible to the public without an order of court (whether such confidentiality

is imposed (i) as a matter of law in the jurisdiction in which the proceeding is

commenced, or (ii) by order of the court in which the proceeding is commenced),

any and all Materials, including Confidential Materials, may be used in such

Additional Proceedings without further court orders or further consents.

7.      Disclosure of Confidential Material.  Except as otherwise specifically provided in this

Order, and absent the prior written consent of the Producing Party and the Designating Party, a

Party shall not disclose, summarize, or otherwise communicate or make available in whole or in part

to anyone any Confidential Materials except the following persons:

a.      Counsel for the Receiving Party, including paralegal, investigative, secretarial

and clerical personnel who are engaged in assisting counsel in this Proceeding;

b.      Counsel for the parties in the Brazilian Litigation, including paralegal,

investigative, secretarial and clerical personnel who are engaged in assisting counsel in the Brazilian

Litigation.

c.      The Brazilian Court, including but not limited to any judges, employees

working for such judges, and employees working in the Brazilian Court;

d.      Any member or appointee of any governmental, advisory or judicial body

that is participating in the Brazilian Litigation, including without limitation any trustees, examiners,

referees, special masters, court-appointed or court-designated experts or consultants, or members of

any commissions, committees, panels, or the like appointed by the Brazilian Court or retained by the

Parties to resolve or recommend resolution of any aspect thereof;

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

e.       Any independent outside expert, and employees and assistants under the control of such an expert, who is engaged by any of the persons listed in subparagraph (a-d). Confidential Material may be provided to such persons to the extent necessary for such expert to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of his or her claims or defenses in the Brazilian Litigation, provided that such person is using said Confidential Material solely in connection with this Proceeding or the Brazilian Litigation, and provided further that any such person engaged by a person listed in subparagraphs 7(a) or 7(b) manifests their assent to be bound by the provisions of this Order by signing a copy of the Certification, which is Exhibit A hereto.  Such persons shall have access to Confidential Material only after they sign a copy of the Certification;

f.       Degens, Weil and any party to the Brazilian Litigation, or any director, officer, or employee thereof to the extent reasonably believed by counsel to be necessary in connection with the Brazilian Litigation or the preparation thereof; *provided, however,* that a person identified solely in this subparagraph shall be informed, prior to being shown Materials marked as "Confidential," that he/she is being shown such material solely for use in the Brazilian Litigation.

g.       Any witness or prospective witnesses at any stage of this Proceeding or the Brazilian Litigation to the extent reasonably believed by counsel to be necessary in connection with their testimony in this Proceeding, the Brazilian Litigation, or the preparation thereof; *provided, however,* that a person identified solely in this subparagraph shall be informed, prior to being shown Materials marked as "Confidential," that he/she is being shown such material solely for use in this Proceeding;

h.       Any person who authored or received the particular Materials sought to be disclosed to that person;

9

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

i.      Outside litigation support services, including photocopy, document imaging, database services, or services relating to the creation of exhibits or other materials for use in this Proceeding or the Brazilian Litigation or who are engaged in assisting counsel for the Parties provided that such support service is using Materials solely in connection with this Proceeding or the Brazilian Litigation.

j.      Any shorthand reporter or typist recording or transcribing testimony in the Brazilian Litigation or this Proceeding;

k.      The United States District Court for the Southern District of New York (the "Court"), including judges, employees working for such judges, and employees working in the Court Clerk's office, provided, however, that Confidential Material filed with the Court shall be submitted in a sealed envelope bearing the caption of the above-entitled action and containing the following notice:

> This envelope is sealed pursuant to the Order of the Court and contains confidential information not to be displayed or revealed except by Court Order.

Said envelope shall be maintained by the Court under seal and shall not be available to persons other than the Court or persons authorized to have access to such document by this Order;

8.      Access to Confidential Material:  Every person given access to Confidential Material and/or information contained therein shall (i) not make copies, duplicates, extracts, summaries or descriptions of such Confidential Material, or any portion thereof, except for use in connection with this Proceeding, the Brazilian Litigation, and each such copy is to be treated in accordance with the provisions of this Order, and (ii) be advised by the party providing such access that information is being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms hereof.

10

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

9.      Execution of Certification: The persons described in Paragraphs 7 (f)-(h) and the

second proviso of Paragraph 7(e) shall have access to Confidential Material only after they have

been made aware of the provisions of this Order.  The persons described in Paragraph 7 (f)-(h) and

the second proviso of Paragraph 7(e) shall have access to Confidential Material only after counsel

representing or interviewing those persons has provided a copy of this Order to such persons for

review and required those persons to manifest their assent to be bound by the provisions of this

Order by signing a copy of the Certification annexed hereto as Exhibit A, except when being

deposed.  Notwithstanding the foregoing, with respect to Paragraph 7(f)-(h), if and to the extent that

any of these subparagraphs are ever applicable to a Party, a Party's spouse or a Party's children, such

persons may be provided access to Confidential Material without being required to sign a copy of

the Certification annexed hereto as Exhibit A.

10.     Objections to Designations.  Should a Party object to the designation of any

information as "Confidential," such Party shall notify the Designating Party and the relevant

Producing Party of the objections.  If notice of such an objection is received at any time, counsel for

the Parties and for the relevant Producing Party shall promptly confer in an attempt to resolve the

matter.  If the matter remains unresolved, the objecting Party may then apply to the Court for a

determination of whether the designation should be removed.  If no such application is made, the

material will remain as designated and, if no such legend is yet affixed, Degens' counsel shall arrange

to affix the following legend on any such designated document: "CONFIDENTIAL."  Any

information which has been produced and designated as "Confidential" but which is subject to a

dispute as to its proper designation, shall continue to be treated as "Confidential" pending resolution

of the dispute.  If an objection to a designation is presented to the Court for decision as described in

11

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

this Paragraph, the burden of proof regarding the appropriateness of the "Confidential" designation shall be on the party who made such designation.

11.    <u>Confidential Status Maintained At Any Hearing Or Trial In The Brazilian Litigation.</u> In the event that any Confidential Material is used for any purpose in the Brazilian Litigation, it shall not lose its confidential status in this Proceeding through such use.  The parties understand and agree that submission of any Materials, including Confidential Material, to the Brazilian Court, or use by or in the Brazilian Court, or reference to Materials or Confidential Material in submissions to the Brazilian Court, shall not be a violation of this Stipulation and Protective Order so long as any such submission, use or reference is in accordance with the terms of this Stipulation and Protective Order.  Nothing contained herein shall restrict or limit the parties' right to seek further orders from the Brazilian Court with respect to handling of documents or any other matter.

12.    <u>Notice to Producing Party of Receipt of Subpoena From Non-Party.</u>  If a Party receives a subpoena or other similar legal process from any non-party to the Proceeding or to the Brazilian Litigation seeking production or other disclosure of Confidential Materials, such Party shall immediately give written notice by E-Mail and overnight mail, to counsel for the other Party, identifying the materials sought and enclosing a copy of the subpoena.  The notice shall be sent to the E-Mails and addresses set forth below:

(a) if Weil is the Designating Party, to:

Alan Friedman
Fox Rothschild LLP
afriedman@foxrothschild.com
101 Park Avenue, 17th Floor
New York, NY 10178
Tel.: 212.878.1426

(b) if Degens is the Designating Party, to:

12

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

Stuart M. Riback
Wilk Auslander LLP
825 Eighth Avenue, Suite 2900
New York, New York 10019
Tel.: (212) 981-2326

Upon such notification, the Designating Party may seek relief from the appropriate court or

other adjudicative body to prevent disclosure of the Confidential Materials or obtain any other

protection desired with respect to such materials.  To the full extent permitted by the applicable law

and rules of procedure, the Party receiving the subpoena shall object and withhold production of the

requested Confidential Materials until the appropriate court or other adjudicative body has ruled on

the relief sought by the Party seeking protection of the Confidential Materials, and thereafter shall

comply with any such ruling.

15.     Disclosure By Weil of His Own Confidential Information.  Nothing contained in

this Protective Order shall prevent the Designating Party from disclosing his or her own

Confidential information to any person the Designating Party deems appropriate and any such

disclosure shall not be deemed a waiver of the Designating Party's rights or obligations under this

Order.

14.     Preservation of Rights and Privileges.  Nothing contained in this Order shall be con-

strued as a waiver by either Party of any legally cognizable privilege to withhold any Materials, or of

any right which either Party may have to assert such privilege at any stage of the proceedings in the

Brazilian Litigation or in this Proceeding.

15.     No Consent to Personal Jurisdiction in this Proceeding; No Waiver of Any

Defenses.  Notwithstanding any other provision of this Stipulation and Protective Order, including,

without limitation, Paragraph 19 below, Degens and Weil agree that (i) Weil is not, by entering into

this Stipulation and Protective Order and/or by exercising his rights and/or performing his

13

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

obligations under this Stipulation and Protective Order, subjecting himself to personal jurisdiction in New York other than for the sole purposes of enforcing, interpreting or implementing this Stipulation and Protective Order; (ii) nothing in this Stipulation and Protective Order constitutes a waiver of or prejudices any of either Party's rights in this Proceeding or either Party's contentions, claims or defenses in the Brazilian Litigation; and (iii) nothing in this Stipulation and Protective Order constitutes an admission that any Materials produced in response to the Subpoenas are relevant to or admissible in the Brazilian Litigation. Degens will not argue that Weil's execution of this Stipulation and Protective Order and/or his exercise of his rights and/or his performance of his obligations under the Stipulation and Protective Order supports the exercise of personal jurisdiction over Weil for any purpose other than as expressly specified in subparagraph (i) above. For the avoidance of doubt, nothing in this Stipulation and Protective Order precludes Degens from contending that Weil is subject to personal jurisdiction in New York based on facts and circumstances other than his execution of and/or his exercise of his rights and/or performance of his obligations under this Stipulation and Protective Order.

16.     Designation Not an Admission. The designation of any Material as "Confidential" is not intended to be and shall not be construed as an admission that the Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

17.     Modification of the Order. This Order shall not foreclose either party from moving the Court for an order that Material within the meaning of this Order is, in fact, not Confidential. In addition, this Order shall not prevent Degens or Weil from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this order, subject to the approval of the Court.

14

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

18.     Disposition of Materials. Subject to the Receiving Party's rights under the provisos set forth in paragraph 6.c above, within thirty (30) calendar days after the Brazilian Litigation has concluded with finality such that all avenues of appeal or retrial have been exhausted, and the Brazilian Court or any other court presiding over the Brazilian Litigation has deemed the Brazilian Litigation closed, then both Parties, at their own election and subject to applicable document retention rules under Brazilian law or other applicable law shall either (i) destroy all Material designated by the other Party as Confidential, including copies, extracts or summaries thereof, and certify in writing to such other Party that it has been destroyed, or (ii) return to the other Party all Material designated by the other Party as Confidential, including all copies, extracts or summaries thereof.

19.     Post-Litigation Matters. (a) Upon the final conclusion of the Brazilian Litigation, the provisions of this Stipulation and Protective Order shall continue to be binding.

(b)     The Court shall retain jurisdiction over the parties solely and exclusively for enforcement of the provisions of this Order until the final conclusion of the Brazilian Litigation and, if applicable, any Additional Proceeding.

20.     This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request. For the

15

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

avoidance of doubt the Stipulation will be of no force and effect and shall be void *ab initio* if not "So

Ordered" by the Court.

Dated: May **10**, 2021

AGREED TO:

By: /s/ Stuart Riback                    By: /s/ ~~Alan R Friedman~~
  Stuart M. Riback                       Alan Friedman

Wilk Auslander LLP                      Fox Rothschild LLP
825 Eighth Avenue, Suite 2900           101 Park Avenue, 17th Floor
New York, New York  10019               New York, NY 10178
Tel.: (212) 981-2300                    Tel.: 212.878.1426

*Attorneys for Ana Christina Degens*     *Attorneys for Pedro Weil*

IT IS SO ORDERED.

Dated: ~~April___, 2021~~
  May 12, 2021

SO ORDERED:
5/12/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Robert W. Lehrburger, U.S.M.J.

01169133.3
Active\119360823.v2-2/8/21
01177327.1
Active\119360823.v4-2/16/21
119360823.v6
01188683.1

## EXHIBIT A

## CERTIFICATION

I hereby certify that any information made available to me that is marked "Confidential" or that I am otherwise advised is confidential, will be used solely for the purposes of one or more of the following cases: (1) In Re Application of Degens, Misc. Case No. 1:20-mc-00237 (JGK) (RWL), pending in the United States District Court for the Southern District of New York (the "Proceeding"); (2) P.S.W. v. A.C.D., case no. 1091762-47.2018.8.26.0100, pending in the Third Family and Successions Court of the Central Forum of the Region of the Capital of the State of Sao Paulo (the "Brazilian Litigation"); (3) additional proceedings commenced in any jurisdiction for the purposes of implementing, enforcing, making effective, executing or otherwise applying any orders or judgments made in the Brazilian Litigation (each, an "Additional Proceeding"); or (4) appeals from decisions in any of the foregoing, and not for any other purpose whatsoever, and may be communicated or disclosed solely as directed by counsel for the party who provided the information to me or as directed by a court listed above. Upon the conclusion of the Proceeding, the Brazilian Litigation, and any appeals related thereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of such information (including all copies, extracts or summaries thereof) to the person who furnished the same to me or certify that the same has been destroyed, subject to applicable document retention rules under United States law or Brazilian law.

Dated: _____          Signature: _____

01188683.1